**FF COSMETICS FL INC., a Florida corporation doing business as Forever Flawless Cosmetics 1; Timeless Cosmetics FL Inc., a Florida corporation; Brilliance New York, LLC, a New York limited liability company, f/k/a/ Brilliance New York, Inc.; and Oceane FL Cosmetics Inc., a Florida corporation doing business as Tresor Rare, Plaintiffs,**

v.

**CITY OF MIAMI BEACH, Florida, a Florida municipal corporation, Defendant.**

**CASE NO . 14–cv–22072–KING**

United States District Court, S.D. Florida.

Signed July 14, 2015

---

Daniel Robert Aaronson, James Scott Benjamin, Benjamin & Aaronson, Fort Lauderdale, FL, Gary Scott Edinger, Benjamin, Aaronson, Edinger & Patanzo, P.A., Gainesville, FL, for Plaintiffs.

Jason Patrick Kairalla, Richard J. Ovelmen, Enrique Daniel Arana, Scott Everett Byers, Carlton Fields Jorden Burt, P.A., Robert F. Rosenwald, Jr., Donald Mark Papy, City Of Miami Beach, Miami Beach, FL, for Defendant.

*ORDER DENYING PLAINTIFFS' DAUBERT MOTION TO EXCLUDE THE EXPERT OPINION AND TESTIMONY OF DR. BRYAN FULLER*

JAMES LAWRENCE KING, United States District Judge

THIS CAUSE comes before the Court upon Plaintiffs' *Daubert* Motion to Exclude the Expert Opinion and Testimony of Dr. Bryan Fuller (DE 75). This action concerns the constitutionality of two Miami Beach ordinances that prohibit solicitation and the distribution of commercial handbills in certain public places. Plaintiffs—all businesses operating within the City's jurisdiction—have been cited, fined, and threatened (or fear that they will be) for violating these ordinances because their salespersons stand in front of their stores and solicit passers-by. Because Plaintiffs' speech is commercial in nature,[1] it must "not be misleading" in order to merit constitutional protection. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 566, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). That being the case, the City seeks to put at issue the truth of statements allegedly made by Plaintiffs' sales personnel (and other information, some displayed on the internet) to induce prospective customers to enter their stores and purchase their products. To do this, the City tested Plaintiffs' products in a lab, and hired Dr. Bryan Fuller, a skin biochemist, to render an expert opinion on the validity of Plaintiffs' claims to prospective customers about their products. Relevant here, Plaintiffs claim that their products provide various health and cosmetic benefits by virtue of diamond dust found in the products. Dr. Fuller opines that these claims are false.

---

1. At least the speech that is relevant to Plaintiffs' as-applied challenge is commercial in nature. Plaintiffs also bring facial, or overbreadth, challenges to the ordinances.

### I. Plaintiffs Attack Dr. Fuller's Qualifications and Methodology

Plaintiffs contest Dr. Fuller's qualifications because, despite his more than 30 years' experience and expertise in the field of skin biology, he "has no particular expertise with respect to the efficacy of diamond powder in cosmetics." DE 75, at 13. Upon a review of Dr. Fuller's extensive curriculum vitae (DE 58–1, at 42–50), the Court concludes that, although Dr. Fuller may not be (or claim to be) an expert in the narrow area of diamonds in cosmetics products, the subjects of his report fall reasonably within the confines of his professional expertise. *Cf. MasForce Europe, BVBA v. Mastry Marine & Indus. Design, Inc.,* No. 8:11–CV–1814–T–24AEP, 2013 WL 4547203, at *2 (M.D.Fla. Aug. 27, 2013) ("a lack of precise specialization generally affects the weight, and not the admissibility, of the proffered expert testimony.").

Plaintiffs also contest Dr. Fuller's methodology, and that of the lab report he relies on. Plaintiffs attacks—concerning the use of certain methods,[2] filters, and a microscope—are grounded in the argument that Dr. Fuller and the lab report failed to properly account for "nanodiamonds," which Plaintiffs suggest might be found in their products.

Suffice it to say that the City has rendered these attacks impotent with a single, unanswered accusation. The City declares in its response brief that "Plaintiffs' products do not contain nanodiamond." DE 85, at 6. The City then explains (while accounting for the methods, the filters, and the microscope used in testing) why it is firm and unequivocal in this conclusion. Plaintiffs do not respond to this accusation in their reply brief, except to briefly reiterate that Dr. Fuller is not qualified to discuss nanodiamonds. Their silence can be construed only as an admission, at least for purposes of this *Daubert* motion, that their products do not contain nanodiamonds. Therefore, their attacks on the expert's methodologies must be rejected. Plaintiffs' remaining attacks on Dr. Fuller clearly relate to such issues as his credibility and motives, which are more appropriately reserved for crossexamination.[3]

### II. Plaintiffs Attack Defendant's Non–Compliance with Rule 26

Plaintiffs point out that Dr. Fuller failed to disclose certain mandatory information in his initial report. The City has since provided the missing information, except that the City has apparently provided only a statement of Dr. Fuller's hourly rate, rather than a complete "statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(vi). The Court concludes that the City's prior omissions are harmless, and do not form a basis on which to exclude Dr. Fuller's testimony. However, the Court is entitled to revisit this conclusion at a later date if the City has still not disclosed a complete "statement of the compensation to be paid for the study and testimony in the case."

### III. Conclusion

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs'

---

**2.** Plaintiffs criticize Dr. Fuller's use of the 500 Dalton Rule. The City convincingly argues in response that employing the 500 Dalton Rule is a widely accepted, valid method. DE 85, at 16–17.

**3.** Plaintiffs also contest Dr. Fuller's ostensible conclusion about microdermabrasion by diamonds, and point to scientific literature that apparently refutes certain of Dr. Fuller's conclusions. But the focus in this *Daubert* inquiry "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 594–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

*Daubert* Motion to Exclude the Expert Opinion and Testimony of Dr. Bryan Fuller **(DE 75)** be, and the same is, hereby **DENIED without prejudice** to raise appropriate objections at trial or other evidentiary hearings.

**DONE and ORDERED.**